# Federal Defenders
## OF NEW YORK, INC.

Eastern District
16 Court Street-3rd Floor, Brooklyn, NY 11241
Tel: (718) 330-1200 Fax: (718) 855-0760

Leonard F. Joy
*Executive Director and
Attorney-in-Chief*

*Eastern District*
Peter Kirchheimer
*Attorney-in-Charge*

May 22, 2104

The Honorable Kiyo A. Matsumoto
United States District Court
for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: <u>United States v. Demetrius Meggett 11-CR-594-01 (KAM)</u>

Dear Judge Matsumoto:

    I write to inform the Court as to the status of Mr. Meggett's parole violation case. The parties appeared before your honor on March 19, 2014 when your honor became aware that he had been re-arrested and was being held at the Metropolitan Detention Center ("MDC") pending parole violation charges. We informed your honor that Mr. Meggett had been afforded a preliminary interview on March 6, 2014 and that we would update the Court if the United States Parole Commission failed to meet its statutory and Constitutional deadlines in this case. Your honor directed us to provide an update by May 23, 2014. To date, the United States Parole Commission has failed to meet it's statutory and constitutional obligations. Accordingly, we respectfully ask the Court to issue a *habeas* order directing the warden of the MDC to release Mr. Meggett immediately.

    Deputies of the United States Marshal Service arrested Demetrius Meggett without incident at the office of the United States Parole Department on February 4, 2014. A preliminary interview was held on March 6, 2014. Defendant's Exhibit A. By its own regulations, the Parole Commission was required to hold a final revocation proceeding within 90 days of Mr. Meggett's arrest and issue a final decision either revoking Mr. Meggett's term of supervised release or restoring him to parole 21 days after that hearing. 28 C.F.R. §§2.101(e); 2105. Accordingly, Mr. Meggett is statutorily entitled to a final decision on his case within 111 days of his arrest. See 28 C.F.R. §2.105. As of tomorrow, May 23, 2014, Demetrius Meggett will have spent 111 days at the MDC. He has not been afforded his final revocation proceeding. He has not been provided a final determination on that proceeding either.

    Even more troubling though is the fact that the United States Parole Commission regulations themselves are unconstitutional. Mr. Meggett has a constitutional right for the Parole Commission to issue a *final* decision in his case within 86 days of his March 6, 2014 arrest so that, if revoked, he could begin the appeals process, and, if not revoked, be released so that he may enjoy the liberties and "implicit

promise" of his status as a supervised releasee. See Morrissey v. Brewer, 408 U.S. 471 (1972); see also Long v. Gaines, 167 F. Supp. 2d 75,89 (D.D.C. 2001) ("In the opinion of the Court, it would appear to comport with due process for the Commission to provide a final determination of probable cause within 5 days of arrest, a final revocation hearing 60 days thereafter (within 65 days of arrest), and a final revocation decision 21 days thereafter (within 86 days of arrest)"). From a constitutional perspective, Mr. Meggett's due process rights have already been violated by his extended detention.

Our office recently filed a petition for an emergency *writ of mandamus* for another client who had been indefinitely detained at the MDC at the request of the United States Parole Commission. Donald J. Smith v. United States Parole Commission 14-CV-2022, attached as defendant's exhibit B. The Honorable Raymond J. Dearie held an emergency conference on April 7, 2014 at which time the United States Attorneys Office informed the Court that the Parole Commission had scheduled a revocation proceeding the following week on April 14, 2014 in Philadelphia. When our client, Mr. Smith, arrived for his hearing, he was given an untenable choice: proceed with his revocation hearing that day without an attorney (as required by the Constitution) or adjourn his proceeding again. Having been incarcerated for over 180 days with no process, Mr. Smith made the decision to proceed with the hearing.

Counsel is frankly unsure how to proceed at this point. Although Mr. Meggett has not spent as much time as Mr. Smith did at MDC, his unjust incarceration is even more troubling. Unlike Mr. Smith, Mr. Meggett has not been convicted of any new criminal conduct. All of the allegations against him remain unproved in any jurisdiction. Moreover, the parole commission cannot claim that they were somehow unaware of Mr. Meggett's status at MDC. He has already received a preliminary hearing. Nevertheless, he has remained in custody at the MDC since March 6, 2014. It should not be the case that Federal Defenders be made to institute a civil action every time the United States Parole Commission issues an arrest warrant.

We continue to regularly receive phone calls from similarly situated detainees, but only if they are resourceful enough to figure out how to make contact with our office. We believe at this point, given the United States Parole Commission's flagrant and continued disregard for its own regulations and the Constitution, that the Court should issue a *habeas* order directing the warden of the MDC to release Demetrius Meggett. These are not isolated incidents. The Parole Commission continues to be a repeat violator. See Long v. Gaines, 167 F. Supp. 2d 75 (D.D.C. 2001)

I will be out of the office next week attending the National Federal Defender conference. I could be available to appear by telephone for an emergency conference or would be available any time the week of June 2, 2014.

2

       Thank you for your consideration,

       Len Hong Kamdang
       Counsel to Demetrius Meggett
       Federal Defenders of New York, Inc
       One Pierrepont Plaza, 16th Fl
       Brooklyn, NY 11201
       (718)407-7414

Copies to:

Mr. Robert Polemini – Assistant United States Attorney (via hand delivery)
Brendan King - Assistant United States Attorney (via hand delivery)

Lee Kwok - United States Probation Department

# DEFENDANT'S EXHIBIT
# A

## SUMMARY REPORT OF PRELIMINARY INTERVIEW

**NAME:** Demetrius Meggett

**DATE OF INTERVIEW:** March 6, 2014

**REGISTER NUMBER:** 64895-053

**PLACE OF INTERVIEW:**
Metropolitan Detention Center, (MDC)
Brooklyn, NY

**TYPE OF RELEASE:** (D. C. Code Offender)

**DATE WARRANT ISSUED:** January 9, 2014

**INTERVIEW OFFICER:** Robert W. Anton

### I. PROCEDURES FOLLOWED:

On January 9, 2014, a warrant was issued by the U.S. Parole Commission based on Meggett's Failure to Maintain Regular Employment, Use of Dangerous and Habit Forming Drugs, and Violation of Special Condition (Residential Entry Center). Meggett was arrested by Deputies of the U.S. Marshal Service on February 4, 2014, in our Brooklyn office. On February 7, 2014, the preliminary interview (PI) was assigned to the undersigned. On March 6, 2014, we conducted the PI at the Brooklyn MDC in the presence of Federal Defender Len Kamdang.

At the onset of the interview, Kamdang explained Parole Form F-2 to Meggett. Meggett elected to sign item (A) wishing to proceed with the PI. Meggett was shown and read by Kamdang a copy of the warrant application. Meggett, upon advice of counsel, denied Charges 1-3, and offered no explanation. Finally, at the conclusion of the interview, Meggett was read Part 2 of the F-2, after which he initialed item (B), requesting that he be given a local hearing if he was not ordered released by the Commission. Meggett requested that U.S. Probation Officer Lee Kwok and any adverse witnesses from the Brooklyn Residential Entry Center, including a security guard named FNU Sanders, appear as witnesses at the revocation hearing. All of the aforementioned forms are attached.

### II WITNESSES PRESENT: None

### III REVIEW OF CHARGES:

**Charge No. 1:** Failure to Maintain Regular Employment.

**Violator's Evidence:**

The alleged denied Charge 1 and, upon advice of counsel, offered no explanation at this time.

**Charge No. 2:** Use of Dangerous and Habit Forming Drugs

**Violator's Evidence:**

The alleged denied Charge 2 and, upon advice of counsel, offered no explanation at this time.

**Charge No. 3:** Violation of Special Condition (Residential Entry Center).

**Violator's Evidence:**

The alleged denied Charge 3 and, upon advice of counsel, offered no explanation at this time.

**Other Admitted Violations:** None

### IV. COMMUNITY RESOURCES:

If reinstated to community supervision, Meggett advised he would live with Brenda Grubb, a friend who resides in an apartment located at 818 Macon Street, Brooklyn, NY. He reported no employment prospects.

### V. WITNESSES INTERVIEWED: None

### VI. RECOMMENDATION AS TO PROBABLE CAUSE:

Based upon review of USPO Kwok's letter dated December 17, 2013, and the supporting evidence, probable cause is found to proceed to a revocation hearing on the charges listed above.

### VII. INTERVIEWING OFFICER'S EVALUATION:

The undersigned officer recommends that Meggett be detained until the final revocation hearing. USPO Kwok followed a series of graduated sanctions designed to appropriately address Meggett's non-compliance. Meggett failed to respond to our efforts, thereby triggering his return to custody. His release would undermine the deterrence factor toward any future non-compliant behavior and potentially only serve as an enabling mechanism for such future behavior.

Prepared by:
Robert W. Anton
Senior U.S. Probation Officer

Approved by:
Mark Gjelaj
Supervising U.S. Probation Officer

March 8, 2014
Enclosures

# Memorandum



| | |
|---|---|
| Subject<br>Warrant Execution Instructions Regarding:<br>Meggett, Demetrius<br>Reg. No. 64895-053<br>DCDC No. 322-872 | Date<br><br>January 9, 2014 |
| To<br><br>U.S. Marshal<br>Eastern District of New York<br>172 U.S. Courthouse<br>225 Cadman Plaza East<br>Brooklyn, NY 11201 | From<br><br>JeJuan SJ Jackson<br>Case Analyst<br>U.S. Parole Commission |

Enclosed are the Warrant Application and Warrant issued by the United States Parole Commission for the above-named D.C. Code offender. Please notify the Parole Commission promptly of all developments concerning the disposition of this warrant.

Please assume custody as soon as possible.

If the prisoner is already in the custody of federal, state or local authorities, do not execute the Commission's warrant. Place a detainer and notify the Commission for further instructions. Also, if a criminal arrest warrant has been issued for this prisoner, execution of such criminal warrant shall take precedence and the Parole Commission is to be notified before its warrant may be executed. If after executing the Commission's warrant, it is determined that another arrest warrant for the prisoner has been executed or was outstanding at the time the Commission's warrant was executed, the arresting officer may, within 72 hours of executing the Commission's warrant, release the prisoner to the other arrest warrant and place the Commission's warrant as a detainer. The arresting officer shall promptly notify the Commission of this action.

After execution of the Warrant, (1) give one copy of Warrant Application to the prisoner; (2) provide one copy of the Warrant Application to the Community Supervision Officer as soon as practical after taking custody; and (3) advise the Parole Commission and the Community Supervision Officer that the subject is in custody (noting the place of confinement and the date warrant was executed).

When prisoner is returned to the designated institution, leave both Warrant and Warrant Application with the Warden.

**COMMUNITY SUPERVISION OFFICER:** Please keep the Commission advised of all further developments in this case.

Enclosure

cc: U.S. Probation Office
Eastern District of New York
147 Pierrepont Street
Brooklyn, NY 11201

JSJ

U.S. DEPARTMENT OF JUSTICE  
UNITED STATES PAROLE COMMISSION

WARRANT APPLICATION  
D.C. Code Offender

Name......................Meggett, Demetrius  
Reg. No................... 64895-053  
DCDC No. .................. 322-872  
FBI No ..................... 875567PC8  
Birth Date ................ 12/20/1981  
Race ...................... Black  
Sentence Length ........... 15 months; 5 years supervised release  
Original Offense........... Possession With The Intent to Distribute a Controlled Substance-Marijuana

Date............................January 9, 2014  
Termination of Supervision .....8/31/2014  
Violation Date ..........................5/1/2012  
Released ...............................9/1/2011

### Probable Cause Hearing

If you have been arrested on a violator warrant in the District of Columbia and you have not been convicted of a new offense, you will be given a probable cause hearing within five days of your arrest. Probable cause hearings, which are normally scheduled on Tuesdays and Fridays at the Central Detention Facility, are held to determine if there is probable cause to believe that you have violated a condition of your release, and if so, whether to release you or hold you for a revocation hearing. If no probable cause is found, you will be released and either reinstated to supervision, or discharged from further supervision if your sentence has expired.

At your probable cause hearing and any subsequent revocation hearing you will be apprised of the information supporting the violation charges. You may present evidence and voluntary witnesses on your behalf. If you deny the charge(s) against you, you may request the presence of those persons who have given information upon which the charges are based. Such adverse witnesses will be made available for questioning unless good cause is found for their non-appearance.

You may be represented by an attorney. If you are unable to pay for such representation, an attorney will be appointed for you.

### Decisions After Revocation Hearing

After a revocation hearing, if you are found to have violated a condition of your release, the Commission may: (1) restore you to supervision, and, if appropriate, (a) issue a letter of reprimand; (b) modify your conditions of supervision; or (c) refer you to a residential community treatment center; or (2) revoke your parole, mandatory release, or supervised release, in which case the Commission will also decide when to consider you for further release.

If the Commission revokes your supervised release, you will not receive credit toward service of your sentence for time spent on supervised release.

Revocation of parole or mandatory release may result in loss of credit for the time you spent on parole or mandatory release. If you have been convicted of a new offense that is punishable by imprisonment for more than one year, the Commission is required to forfeit sentence credit for the time you spent on parole or mandatory release. If you have been convicted of a new offense that is punishable by imprisonment for one year or less, the Commission is required to forfeit sentence credit for the time you spent on parole or mandatory release, unless the Commission determines that forfeiture is not necessary to protect the public welfare.

**CHARGES:**

Charge No. 1 - Failure to Maintain Regular Employment. Since 5/1/2012, the subject has failed to maintain regular employment as required by the conditions of his release. This charge is based on the information contained in the violation report dated 12/17/2013 from Supervision Officer Lee Kwok.  
I ADMIT [ ] or DENY [✓] this charge.

---

Meggett, Demetrius  
Reg. No. 64895-053    DCDC No. 322-872

Charge No. 2 - Use of Dangerous and Habit Forming Drugs. On the following dates, 11/7/2012; 11/16/2012; 12/19/2012; 12/26/2012; 1/3/2013; 1/8/2013; 1/31/2013; 3/6/2013; 4/3/2013; 4/16/2013; 4/23/2013 and 5/15/2013, the subject submitted urine specimens which tested positive for the drug specified: Marijuana. This charge is based on the information contained in the violation report dated 12/17/2013 from Supervision Officer Lee Kwok and the corresponding laboratory report.
I ADMIT [ ] or DENY [✓] this charge.

Charge No. 3 - Violation of Special Condition (Residential Entry Center). The releasee was terminated from the Brooklyn Community Residential Entry Center on 12/5/2013 for violating the rules of the institution. This charge is based on the information contained in the violation report dated 12/17/2013 from supervising officer Lee Kwok and in the report dated 12/5/2013 from the Residential Entry Center.
I ADMIT [ ] or DENY [✓] this charge.
Probable Cause Hearing Is Required

Warrant Recommended By:

Warrant Issued................... January 9, 2014

Jequan S. Jackson, Case Analyst
U.S. Parole Commission

Community Supervision Office Requesting Warrant: Eastern District of New York, 1 - Main (Brooklyn)

**DEFENDANT'S EXHIBIT
B**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| DONALD J. SMITH,<br>06221-007<br>Metropolitan Detention Center- Brooklyn<br>80 29th Street<br>Brooklyn, NY 11232<br><br>Petitioner<br><br>v.<br><br>UNITED STATES PAROLE COMMISSION,<br>90 K Street, N.E., Third Floor<br>Washington, D.C. 20530<br><br>Respondent | CV 14-2022<br><br>Case No. _____<br><br>DEARIE, J. |

## COMPLAINT AND EMERGENCY PETITION FOR WRIT OF MANDAMUS

1. Petitioner Donald J. Smith, a resident of the Eastern District of New York, is a Washington D.C. parolee who has been in custody on the authority of respondent the United States Parole Commission (the "Parole Commission") since October 15, 2013. He has been incarcerated for a total of 168 days at the date of this filing, at the Metropolitan Detention Center in Brooklyn.. He has received no process: no probable cause determination, no revocation proceeding, and no final revocation decision.

2. Mr. Smith has a constitutional right for the Parole Commission to issue a *final* decision in his case within 86 days of his October 15, 2013 retaking, so that Mr. Smith could, if revoked, begin the appeals process, and, if not revoked, be released so that he may enjoy the liberties and "implicit promise" of his status as a supervised releasee. *See Morrissey v. Brewer*, 408 U.S. 471 (1972). But the Parole Commission has ignored that deadline, and with it Mr. Smith's rights, for 82 days and counting.

Moreover, it has ignored its own statutory due process benchmarks as well. 28 C.F.R. §§2.101(e); 2105 (requiring a revocation hearing within 90 days of Mr. Smith's retaking and a final revocation decision 21 days after that). The Parole Commission has ignored these statutory benchmarks as well.

3. Mr. Smith seeks a writ of mandamus compelling the Parole Commission to issue immediately a final decision, as required by 28 C.F.R. § 2.105, without holding an, out-of-time revocation hearing in violation of 18 U.S.C. §4214(a) and 28 C.F.R. § 2.102 and for him to be released immediately.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this mandamus action pursuant to 28 U.S.C. § 1361, which gives the district courts of the United States "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." Mandamus is the only appropriate remedy to compel the Parole Commission's compliance with the timing provisions of its statute and regulations. *Sutherland v. McCall*, 709 F.2d 730, 732 (D.C. 1983); *see also Murillo v. U.S. Parole Comm'n*, No. 92 Cv. 1509 (PKL), 1992 WL 234984 (S.D.N.Y. Sept. 8, 1992) (denying a writ of habeas corpus to petitioner seeking to be released for failure to conduct a timely revocation hearing but granting mandamus ordering the Parole Commission to comply with its statute

5. Venue in this Court is proper pursuant to 28 U.S.C. § 1391.

## PARTIES

6. Petitioner Donald J. Smith is a 48 year old resident of the Eastern District of New York. He is on parole pursuant to a judgment and commitment order issued by

2

the Honorable Noel Kramer of the Superior Court for the District of Columbia on October 2, 1996 for a charge of possession of a firearm during a crime of violence with intent to rob. He is currently incarcerated at the Metropolitan Detention Center in Brooklyn pursuant to his retaking on a parole violation warrant issued by respondent.

7. Respondent United States Parole Commission is an independent agency in the Department of Justice constituted under 18 U.S.C. § 4201 et seq. On August 5, 2000, pursuant to the National Capital Revitalization and Self-Government Improvement Act of 1997, Pub. L. No. 105-33, § 11231(a)(2), 111 Stat. 712, 745, it assumed the duties and jurisdiction of the District of Columbia Board of Parole. *See Long v. Gaines*, 167 F. Supp. 2d 75, 77 (2001). With regard to D.C. Code offenders, such as Mr. Smith, the Parole Commission has "the same authority as is vested in the United States District Courts by 18 U.S.C. § 3583(d)-(i)." D.C. Code § 24–403.01(b)(6). This includes the authority to modify conditions of, and revoke, parole, as well as to reinstate parole after its revocation. 18 U.S.C. § 3583(d), (e) & (h).

## BACKGROUND

8. On January 22, 2009, Donald Smith was released on parole from FCI Otisville with 4503 days remaining on her term of supervision.

9. Mr. Smith was arrested and charged with Grand Larceny in Nassau County, New York on April 19, 2013. He subsequently pled guilty to grand larceny in New York State Court. His term of incarceration for that offense ended on or about October 15, 2013.

10. On October 15, 2013, Mr. Smith was retaken by the Parole Commission on a parole violator warrant based on the same incident. *See* Exhibit A (violator warrant

and warrant return). Since that time, Mr. Smith has been in custody at the Metropolitan Detention Center. There is no other basis for his incarceration other than the alleged violation of his parole.

11. During these 168 days of incarceration, Mr. Smith has received no preliminary probable cause hearing, no revocation hearing, and no final revocation decision. Beyond his regulatory rights, Mr. Smith's lack of any process is in clear violation of constitutional rights. *See Long v. Gaines*, 167 F. Supp. 2d 75,89 (D.D.C. 2001) ("In the opinion of the Court, it would appear to comport with due process for the Commission to provide a final determination of probable cause within 5 days of arrest, a final revocation hearing 60 days thereafter (within 65 days of arrest), and a final revocation decision 21 days thereafter (within 86 days of arrest)).

12. By its own regulations, the Parole Commission was required to issue a final decision either revoking Mr. Smith's term of supervised release or restoring him to parole, 111 days after retaking him on the parole violation warrant. *See* 28 C.F.R. §2.105. That deadline came and went without a decision being issued.

13. On February 5, 2014, Mr. Smith, through his wife, sent three letters to the United States Parole Commission asking the Commission to take action in his case. He has received no response *See* Exhibit B (e-mail copy of the letter from Donald J. Smith to U.S. Parole Commission).

14. As of the date of this filing, it has been 168 days since Mr.Smith was retaken by the Parole Commission, which, despite repeated pleas for relief, has yet to issue a final decision in his case. He remains in custody at the Metropolitan Detention Center.

## CLAIM FOR RELIEF

15. Mr. Smith incorporates and realleges each and every allegation contained in paragraphs 1 through 14.

16. While mandamus is an extraordinary remedy, it nonetheless may be granted to correct transparent violations of a clear duty to act. Mandamus is proper when "(1) the plaintiff has a clear right to relief; (2) the defendant has a clear duty to act; and (3) there is no other adequate remedy available to the plaintiff." *Anderson v. Bowen, 881 F.2d 1, 5 (2d Cir. 1989); The Blind of Del. Cnty. Valley v. Regan,* 709 F.2d 1521, 1533 (D.C.Cir.1983) (en banc).

17. Mr. Smith has a clear and indisputable statutory right to a final decision that either revokes or reinstates an alleged violator's term of probation within 111 days of his retaking. 28 C.F.R. § 2.105. Moreover, this regulation violates Mr. Smith's constitutional right to Due Process. Courts has previously found that a 107 day delay from retaking to a final revocation decision is "unreasonable" and "fail[s] to satisfy the requirements of due process," as set forth in *Morrissey v. Brewer*, 408 U.S. 471, 488 (1972). *Long*, 167 F. Supp. 2d at 88. As the Supreme Court has aptly noted, the termination of parole "inflicts a 'grievous loss'" on the releasee "and often on others." *Morrissey*, 408 U.S. at 482. Termination of parole therefore calls for orderly and timely process, "however informal." *Id.*

18. It has now been 162 days since Mr. Smith was retaken by the Parole Commission. His time in incarceration has nearly double the constitutional 86 day time limit for receiving a *final* revocation decision and he has not even had even a preliminary

5

probable cause determination. It is beyond the 111 day statutory deadline. Under either standard, respondent has failed to meet its duty by at least 55 days.

19. Just as Mr. Smith has a clear and undisputed right to relief, the Parole Commission has a clear duty to act that it is transparently violating. Its statute and regulations are unequivocal, and leave no room for the exercise of discretion: "If the parolee is not eligible for a local revocation hearing as provided by § 2.102(a), or has requested to be transferred to an institution for his revocation hearing, the Commission will request the Bureau of Prisons to designate the parolee to an appropriate institution, and an institutional revocation hearing *shall* be scheduled for a date that is within ninety days of the parolee's retaking. 28 C.F.R. § 2.101(e)(emphasis added). Respondent's regulation falls beyond of outer limits of what Courts have previously identified as an appropriate constitutional bench mark for a final revocation decision. See *Long*, 167 F. Supp. 2d at 89 (noting at an 86 day period of time to come to a final revocation decision would be "at the outer limits of what is reasonable, given the flexibility permitted by the *Morrissey* Court for the parole revocation process). Nevertheless, respondent has failed to comply with even the more permissive statutory standard.

20. Mandamus is the only remedy available to Mr. Smith. Mr. Smith has communicated directly with respondent about his rights and its duties, and been ignored. Habeas relief is likely not available to Mr. Smith. Other Courts analyzing this issue have concluded that mandamus is the only appropriate remedy to compel the Parole Commission's compliance with the timing provisions of its statute and regulations. *Sutherland*, 709 F.2d at 732; *see also Murillo v. U.S. Parole Comm'n*, No. 92 Cv. 1509 (PKL), 1992 WL 234984 (S.D.N.Y. Sept. 8, 1992) (denying a writ of habeas corpus to

petitioner seeking to be released for failure to conduct a timely revocation hearing but granting mandamus ordering the Parole Commission to comply with its statute).

## **PRAYER**

WHEREFORE, Ms. Smith requests that this Court issue a writ of mandamus against the Parole Commission ordering it to issue forthwith a final decision on his pending revocation charge, without conducting an out-of-time revocation hearing, and grant any other relief this Court deems just and proper.

Respectfully submitted,

/s/ Len Hong Kamdang
*Attorney for Donald J. Smith*
Federal Defenders of New York, Inc
One Pierrepont Plaza, 16th Floor
Brooklyn, NY 11201
(718)407-7414

Dated: March 31, 2014